**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK SHAMBRY, as Independent Administrator to Collect of the Estate of James Harlan, deceased** | ) | |
| **Plaintiffs,** | ) | |
| **VS.** | ) | **Case No.** |
| **UNITED STATES OF AMERICA and VETERANS ADMINISTRATION HOSPITAL (HINES VA)** | ) | |
| **Defendants,** | ) | |

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, **MARK SHAMBRY, as Independent Administrator to Collect of the Estate of James Harlan, deceased,** by his attorney, Richard L. Gerber LLC and complaining of the Defendants, **UNITED STATES OF AMERICA** (hereinafter "**USA**") and **VETERANS ADMINISTRATION HOSPITAL** (hereinafter "**HINES VA**") and states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff, **MARK SHAMBRY, as Independent Administrator to Collect of the Estate of James Harlan, deceased** (Hereinafter **MARK SHAMBRY, ADMINISTRATOR**) files this action against the **USA** and **HINES VA** for the medical negligence of its agents and/or employees at the **HINES VA,** which proximately caused injury and death of Plaintiff's decedent, **James Harlan.**

2. On, or about, October 12, 2018, Plaintiff, presented a medical negligence claim

to the Department of Veterans Affairs pursuant to 28 USCA 2401 (b) and 28 U.S.C. sec. 2675 (a). (See attached Exhibit A.)

3. On, or about, March 13, 2019, **JAMES HARLAN'S** wife, Debra Harlan a/k/a Debra Vines, (hereinafter Debra Harlan) individually, presented a loss of consortium claim to the Department of Veterans Affairs pursuant to 28 USCA 2401(b) and 28 U.S.C. sec. 2675 (a). (See attached Exhibit B.)

4. On September 25, 2019, the Department of Veterans Affairs finally denied the above mentioned claims. (See Attached Exhibit C).

5. These causes of actions in this Complaint are the same causes of actions denied by the Department of Veterans Affairs.

## II. JURISDICTION &VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331.

7. Venue is proper under 28 U.S.C. Section 1391(b).

## III. THE PARTIES

8. Plaintiff, **MARK SHAMBRY**, is the **Independent Administrator to Collect of the Estate of James Harlan, deceased**.

9. **James Harlan** was a member of the United States Armed Forces and was a veteran of the Vietnam War.

10. **James Harlan,** at all relevant times, was a resident of the State of Illinois.

11. **USA** maintains the Edward Hines Jr. Veterans Administration Hospital **(HINES VA),** located at 5000 5th Ave, Hines, IL 60141.

12. Sonam Patel, M.D. is a licensed physician and employee of the **HINES VA.**

13. Cheryl Czerlanis, M.D. is a licensed physician and employee of the **HINES VA.**

14. Jasleen Singh, M.D. is a licensed physician and employee of the **HINES VA.**

## IV. UNDERLYING FACTUAL ALLEGATIONS

15. On, or about, April 28, 2018 and for a period of time prior and subsequent thereto, the **HINES VA** was a hospital organized and existing for the purpose of providing medical services to current and former United States Military personnel, including **James Harlan.**

16. **HINES VA** was required to furnish medical facilities and provide necessary provisions and personnel for the care of patients who came to said hospital for medical care and treatment.

17. At all relevant times herein, Sonam Patel, M.D. was a physician duly licensed to practice medicine in the State of Illinois, and engaged in the practice of medicine as an employee, and or, agent of the **HINES VA** and the **USA.**

18. At all relevant times herein, Cheryl Czerlanis, M.D. was a physician duly licensed to practice medicine in the State of Illinois, and engaged in the practice of medicine as an employee, and or, agent of the **HINES VA** and the **USA.**

19. At all relevant times herein, Jasleen Singh, M.D. was a physician duly licensed to practice medicine in the State of Illinois, and engaged in the practice of medicine as an employee, and or, agent of the **HINES VA** and the **USA.**

## COUNT I
## Negligence- Wrongful Death

20. Plaintiff, **MARK SHAMBRY**, **is the Independent Administrator to Collect of the Estate of James Harlan, Deceased,** hereby re-alleges and incorporates herein, paragraphs 1 through 19 above.

21. On April 27, 2018, **James Harlan** was admitted to the **HINES VA** and at that

time and place, did come under the care and treatment of the **USA** through Sonam Patel, M.D., individually, and/or as the agent or employee of the **HINES VA**, Cheryl Czerlanis, M.D., individually, and/or as the agent or employee of the **HINES VA**, and Jasleen Singh, M.D., individually, and/or as the agent or employee of the **HINES VA**.

22. At all times mentioned herein the relationship of patient and physician existed between **James Harlan** and the physicians and health care personnel at **HINES VA**.

23. At all relevant times to this Complaint, **James Harlan**, and his overall clinical condition required supervision and maximum assistance with getting in and out of bed and activities of daily living, but not limited to being assisted to and from the bathroom.

24. At all limes relevant to this Complaint, **James Harlan**, and his overall clinical condition required supervision and assistance to ensure that **James Harlan**, received proper care and treatment to prevent falls.

25. At all times relevant to this Complaint, **HINES VA** and the **USA**, through their actual, implied, and/or apparent agents, servants and employees, knew or, should have known that **James Harlan**, required supervision and assistance to ensure that **James Harlan**, received proper, care and treatment to prevent falls.

26. At all times relevant to this Complaint, **James Harlan**, was at high risk for falls.

27. At all times relevant to this Complaint, **HINES VA** and the **USA**, through their actual, implied, and/or apparent agents, servants and employees, knew or should have known that **James Harlan**, was a high risk for falls.

28. At all limes relevant to this Complaint, **James Harlan's** overall clinical condition required supervision and assistance to ensure that **James Harlan** received proper care and treatment to prevent falls.

29. On April 27, 2018, at 16:59, **James Harlan** was admitted to the **HINES VA**.

30. **James Harlan's** admitting diagnosis was weakness and generalized body pain.

31. **James Harlan's** admitting diagnosis included, reduced mobility.

32. At times of admission **James Harlan** had a gait transferring weakness.

33. At the time of this admission, **James Harlan**, was 71 years of age.

34. Upon admission, **James Harlan's** Morse Fall Scale score was 60.

35. A Morse Fall Scale of 60 is indicative of a high risk for falls.

36. Upon admission, **James Harlan's** Fall Prevention Interventions included 2-3 side rails up at all times.

37. **James Harlan's** Fall Prevention Interventions did not include that bed alarms were to be used.

38. At times of admission **James Harlan** was taking opioids medication that may increase risk of falls.

39. Upon admission, **James Harlan** gave a history of spending most of his day siting in bed because he needed assistance getting up to move around, even to go to the bathroom.

40. Upon admission **James Harlan's** wife, DEBRA HARLAN, gave a history of her husband becoming increasing weaker and needing more and more physical assistance at home, having trouble even walking to the bathroom.

41. On April 28, 2018, at approximately 02:15 before **James Harlan** got out of bed, there were no bed alarms on his bed. Bed alarms allow a caregiver to monitor the activity of a patient and to alert the nursing staff if a patient gets out of bed,

42. On April 28, 2018, at approximately 02:15 before **James Harlan** got out of bed,

he was not restrained at time of fall.

43. On April 28, 2018, at approximately 02:15, **James Harlan** got out of bed and fell forward trying to use urinal, striking his head on the floor.

44. On April 28, 2018, at approximately 02:15, after **James Harlan** fell, he stated he lost consciousness for 1 minute.

45. On April 28, 2018, at approximately 02:15, **James Harlan** was found lying on the floor face down holding his urinal bottle with urine, with lacerations and abrasions about his face and head.

46. After **James Harlan's** fall on April 28, 2018, he was diagnosed with Central Cord Syndrome with significant weakness in the right upper extremities.

47. After **James Harlan's** fall on April 28, 2018, he developed central cord syndrome, aspiration pneumonia, intractable hypotension.

48. **James Harlan** passed away on May 14, 2018, while a patient in the **HINES VA** and the **USA.**

49. At all times relevant to this Complaint, **HINES VA** and the **USA,** through their actual, implied and/or apparent agents, servants and employees, knew or should have known that **James Harlan** required supervision and assistance to ensure that **James Harlan**, received proper care and treatment to prevent falls.

50. At all relevant times there was a duty on the part of the **USA,** through its agent and/or employees, Sonam Patel, M.D, Cheryl Czerlanis, M.D., Jasleen Singh, M.D, and **HINES VA** through its agents and/or employees, to exercise that degree of skill and care ordinarily used by reasonably well qualified doctors, and health care personnel in the community under similar circumstances.

51. The **USA**, through Sonam Patel, M.D, Cheryl Czerlanis, M.D., Jasleen Singh,

M.D, and the **HINES VA** through their actual, implied, and/or apparent agents, servants, and employees, breached their duty to Plaintiff's decedent, **James Harlan**, and were negligent in the care and treatment of **James Harlan**, by one or more of the following negligent acts and/or omissions:

a) Failed to protect **James Harlan**, from negligent acts by failing to provide adequate medical and personal care;

b) Failed to develop an appropriate care plan that addressed **James Harlan's**, specific issues of falling;

c) Failed to ensure bed alarms fall precaution interventions were implemented to prevent **James Harlan**, from falling;

d) Failed to develop an appropriate care plan for **James Harlan**, as a new admission, with a history of taking medications that may increase risk of falls;

e) Failed to protect **James Harlan**, from negligent acts by failing to provide adequate medical and personal care;

f) Failed to provide adequate and properly supervised care to meet **James Harlan**, total nursing and personal care needs;

g) Were otherwise careless and negligent.

52. As a direct and proximate result of one or more of the foregoing negligent acts or omissions and statutory, violations, negligent acts and/or omissions on the part of the Defendants, **USA**, through Sonam Patel, M.D, Cheryl Czerlanis. Jasleen Singh, M.D, and the **HINES VA** through their actual, implied, and/or apparent agents, servants, and employees, Plaintiff's decedent, **James Harlan**, suffered injuries which caused his death on May 14, 2018.

53. As a direct and proximate result of one or more of the foregoing negligent acts or omissions and statutory, violations, negligent acts and/or omissions on the part of the Defendants, **USA**, through Sonam Patel, M.D, Cheryl Czerlanis M.D, Jasleen Singh, M.D, and the **HINES VA** through their actual, implied, and/or apparent agents, servants, and employees,

the deceased, **James Harlan**, has left surviving, Debra Harlan, his wife and son, Jason Harlan, who have both have suffered a pecuniary loss and damage as a result of the death of **JAMES HARLAN**, and both have been deprived, and will in the future, be deprived of his affection, society and companionship.

54. That attached is the Affidavit of the Plaintiff's attorney, as well as the written physician's report, as required by 735 ILCS 5/2-622.

55. Plaintiff, **MARK SHAMBRY, is the Independent Administrator to Collect of the Estate of James Harlan, Deceased,** and is authorized to prosecute the instant claim.

56. Plaintiff, **MARK SHAMBRY, as the Independent Administrator to Collect of the Estate of James Harlan, Deceased,** brings this action pursuant to et seq., commonly known as the Illinois Wrongful Death Act.

**WHEREFORE,** Plaintiff, **MARK SHAMBRY, as Independent the Administrator to Collect of the Estate of James Harlan, Deceased,** prays for judgment again the Defendant's, **USA** and **HINES VA** in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequality compensate for the loses alleged above.

**COUNT II**
**(Survival)**

**NOW COMES** the Plaintiff, **MARK SHAMBRY, as Independent Administrator to Collect of the Estate of James Harlan, deceased,** by his attorney, Richard L. Gerber LLC and complainingof the Defendants, **USA** and HINES **VA** and states as follows:

1. Plaintiff incorporates paragraphs 1 through 51 above.

52. As a direct and proximate result of one or more of the foregoing negligent acts or omissions and statutory, violations, negligent acts and/or omissions on the part of the Defendants, **USA**, through Sonam Patel, M.D, Cheryl Czerlanis, M.D., Jasleen Singh, M.D, and

the **HINES VA** through their actual, implied, and/or apparent agents, servants, and employees, the deceased, **James Harlan**, was injured and suffered damages of a personal and pecuniary nature, including conscious pain and suffering prior to his death for which, had he survived, he would been entitled to maintain an action for damages; that such action has survived him and accrued to the benefit of his heirs at law, to wit: Debra Harlan a/k/a Debra Vines, his wife and son, Jason Harlan.

**WHEREFORE**, Plaintiff, **MARK SHAMBRY, as the Independent Administrator to Collect of the Estate of James Harlan, Deceased,** prays for judgment again the Defendant's, **USA** and **HINES VA** in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequality compensate for the loses alleged above.

**COUNT III**
**Fueral and Buriasl Expenses)**

1. Plaintiff incorporates paragraphs 1 through 51 above.

52. As a direct and proximate result of one or more of the foregoing negligent acts or omissions and statutory, violations, negligent acts and/or omissions on the part of the Defendants, **USA**, through Sonam Patel, M.D., Cheryl Czerlanis M.D., Jasleen Singh, M.D., and

the **HINES VA,** the descendant's estate became liable for funeral, burial and medical expenses of the Decedent, **JAMES HARLAN.**

**WHEREFORE**, Plaintiff, **MARK SHAMBRY, as the Independent Administrator to Collect of the Estate of James Harlan, Deceased,** prays for judgment again the

Defendant's, **USA** and **HINES VA** in such an amount in excess of this Court's jurisdictional requisite as will fairly and adequality compensate for the loses alleged above.

Respectfully Submitted,

Richard L. Gerber

Richard L. Gerber LLC
PO Box 1187
Highland Park Ill 60035
(847)748.8224
IL ARDC# 0938688

**EXHIBITS**

**Exhibit A**
Medical negligence claim to the Department of Veterans Affairs pursuant to 28 USCA 2401 (b) and 28 U.S.C. sec. 2675 (a).

**Exhibit B**
A loss of consortium claim to the Department of Veterans Affairs pursuant to 28 USCA 2401(b) and 28 U.S.C. sec. 2675 (a).

**Exhibit C**
Department of Veterans Affairs denial letter.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MARK SHAMBRY, as Independent Administrator to Collect of the Estate of James Harlan, deceased**

**Plaintiffs,**

**VS.**

**UNITED STATES OF AMERICA and VETERANS ADMINISTRATION HOSPITAL (HINES VA)**

**Defendants,**

**Case No.**

## AFFIDAVIT

I, RICHARD L. GERBER, under the penalties of perjury hereby state that I am an attorney licensed to practice law in Illinois. Further stating:

1. That I have consulted and reviewed the facts of the above-captioned case with a health care professional who I reasonably believe: (1) is knowledgeable in the relevant issues involved in the particular action; (2) has practiced within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (3) is qualified by experience or demonstrated competence in the subject of this case.

2. That the reviewing health care professional, a physician, determined in a written report, after a review of the medical records and other relevant materials, that there is a reasonable and meritorious cause for the filing of the above-captioned case.

3. That I conclude on the basis of the reviewing health care professional's review and consultation that there is a reasonable and meritorious cause for filing.

Richard L. Gerber

Subscribed and sworn to before me this 17 day of March, 2020

Notary Public

OFFICIAL SEAL
OKSANA IVASHKO
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Aug. 26, 2023

Richard L. Gerber LLC
P.O. Box 1187
Highland Park Il. 60035
26643

**CERTIFICATION OF AN ACTION IN MEDICAL MALPRACTICE PURSUANT TO 735 ILCS 5/2-622**

**Re: Mr. James Harlan**

**v.**

**The United States of America, Veterans Administration Hospital, Hines VA (Hereinafter "VA Hospital"), Sonam Patel, M.D., Cheryl Czerlanis, M.D. and Jasleen Singh, M.D**

I am a registered physician licensed to practice medicine in all its branches and qualified by experience with the standard of care, methods, procedures, and treatments relevant to the allegations at issue in this case. I have reviewed the records, facts and other relevant material pertaining to the above-referenced matter. I am knowledgeable in the relevant issues involved in this matter and I have practiced in the same area of health care or medicine that is at issue in this particular action within the last 6 years. The act(s) to follow reasonably caused, or contributed, to the chain of events, which in my opinion, ultimately is a reasonable and meritorious basis for filing of this medical malpractice cause of action, against the above Defendants.

My opinions are subject to modification upon review of further materials.

April 27, 2018 at 16:59, Mr. Harlan, 71 years of age, was admitted to the VA Hospital. Mr. James Harlan's admitting diagnosis was weakness and generalized body pain and reduced mobility.

Upon admission, Mr. Harlan's Morse Fall Scale score was 60. A Morse Fall Scale of 60 is indicative of a high risk for falls.

At times of admission Mr. James Harlan was taking opioids medication that may increase his risk of falling.

Upon admission Mr. James Harlan gave a history of spending most of his day sitting in bed because he needed assistance getting up to move around, even to go to the bathroom.

Upon admission Mr. Harlan's wife, Debbi Harlan, gave a history of her husband becoming increasingly weaker and needing more and more physical assistance at home, having trouble even walking to the bathroom.

On April 28, 2018 approximately 02:15 Mr. James Harlan got out of bed and fell forward trying to use urinal, striking his head on the floor.

The named Defendants above, failed to comply with appropriate standard of care for Mr. James Harlan, as follows:

Failed to develop an appropriate care plan that addressed Mr. James Harlan's specific issues of falling, weakness and generalized body pain and reduced mobility.

Failed to ensure application of bed alarms as part of fall precaution interventions; to prevent Mr. James Harlan from falling.

Failed to develop an appropriate care plan for Mr. James Harlan, as a new admission especially, with a history of taking opioids that may increase his risk of falling.

As a result of these breaches of the standard of care, Mr. James Harlan subsequently developed a central cord syndrome, aspiration pneumonia, intractable hypotension, which resulted in his demise.